IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DAVID GONZALES, | ) | 8:09CV204 |
| | ) | |
| Petitioner, | ) | |
| | ) | **MEMORANDUM** |
| v. | ) | **AND ORDER** |
| | ) | |
| ROBERT HOUSTON, | ) | |
| | ) | |
| Respondent. | ) | |

The court has conducted an initial review of Petitioner's petition for writ of habeas corpus to determine whether the claims made by Petitioner are, when liberally construed, potentially cognizable in federal court.  Condensed and summarized for clarity, the claims asserted by Petitioner are:

Claim One:  Petitioner received the ineffective assistance of counsel in violation of the Sixth and Fourteenth Amendments because Petitioner's trial counsel (1) failed to file a motion in limine regarding hearsay evidence (¶19a)[1]; (2) failed to file discovery motions to obtain all police reports before trial  (¶19a); (3) failed to depose or interview any witnesses (¶19a,u); (4) failed to discuss any defenses or strategies with Petitioner (¶19a,r); (5) failed to file a motion to dismiss for lack of evidence (¶19c); (6) failed to investigate contradictory statements by witnesses (¶19d,s,u); (7) informed Petitioner that if he didn't plead guilty he would be sentenced to two terms of life imprisonment without

---

[1] All paragraph references are to Petitioner's petition for writ of habeas corpus (filing 1).  Petitioner, who is represented by counsel, did not use the standard form prescribed by the *Rules Governing Section 2254 Cases in the United States District Courts*, but the court finds that the petition substantially complies with the *Rules*.

parole (¶19g); (8) was not prepared for trial and was distracted by personal matters (¶19i); (9) was completely inexperienced (¶19j); (10) failed to explain Petitioner's eligibility for parole (¶19k); (11) failed to secure a more favorable plea deal (¶19l); (12) failed to seek a reduction of charges from murder to manslaughter (¶19n); and (13) failed to file a motion to suppress inadmissible evidence (¶19q).

Claim Two:  Petitioner was denied due process of law because the trial judge (1) failed to recuse himself due to a conflict of interest (¶19a); (2) was confused at both the plea hearing and the sentencing hearing regarding possible penalties (¶19h; ¶21); and (3) accepted Petitioner's guilty plea even though Petitioner stated that his attorney had not discussed defense strategies with him (¶20).

Claim Three: Petitioner was denied due process of law because the prosecutor (1) told the trial judge that the victims were not gang members but stated differently during the trial of Petitioner's co-defendant (¶19e,f,t, ¶22); and (2) did not make witnesses available to be interviewed or deposed (¶19m).

Claim Four:  Petitioner was denied his right to speedy trial in violation of the Sixth Amendment (¶19p).

Claim Five:  The trial court and the Nebraska Court of Appeals (1) failed to address many issues raised by Petitioner (¶19a); and (2) failed to grant Petitioner post-conviction relief based on ineffective assistance of trial counsel (¶19v).

Claim Six:  The state's ballistics expert could not identify the caliber of firearm that was used in the crime (¶19o).

Claim Seven: Petitioner's continued confinement violates the Eighth Amendment (¶19b).

Liberally construed, the court preliminarily decides that Claims One, Two, Three, and Four are potentially cognizable in federal court. However, the court cautions that no determination has been made regarding the merits of these claims or any defenses thereto or whether there are procedural bars that will prevent Petitioner from obtaining the relief sought.

Liberally construed, the court decides that Claims Five, Six, and Seven are not cognizable in a federal court habeas action. This court is limited to deciding whether a state court conviction violated the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254. Claim Five involves questions of state law that have already been decided by a state court. Claim Six only concerns the strength of the case against Petitioner, and does not affect the validity of his guilty plea. Claim Seven is not supported by any factual allegations.

IT IS THEREFORE ORDERED that:

1.      Upon initial review of the petition, the court preliminarily determines that Petitioner's Claims One, Two, Three, and Four are potentially cognizable in federal court.

2.      The court determines that Claims Five, Six, and Seven are not cognizable in a federal court habeas action and are therefore dismissed.

3.      The Clerk of the court is directed to mail copies of this Memorandum and Order and the Petition to Respondents and the Nebraska Attorney General by regular first-class mail.

4.      By November 23, 2009, Respondent shall file a motion for summary judgment or state court records in support of an answer.

5.      If Respondent elects to file a motion for summary judgment, the following procedures shall be followed by Respondent and Petitioner:

    A.      The motion for summary judgment shall be accompanied by a separate brief, submitted at the time of the filing of the motion.

    B.      The motion for summary judgment shall be supported by such state court records as are necessary to support the motion. Those records shall be contained in a separate filing entitled: "Designation of State Court Records in Support of Motion for Summary Judgment."

    C.      Copies of the motion for summary judgment, the designation, including state court records, and Respondent's brief shall be served upon Petitioner *except* that Respondent is only required to provide Petitioner with a copy of the specific pages of the record which are cited in the Respondent's brief. In the event that the designation of state court records is deemed insufficient by Petitioner, Petitioner may file a motion with the court requesting additional documents. Such motion shall set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

    D.      No later than 30 days following the filing of the motion for summary judgment, Petitioner shall file and serve a brief in opposition to the motion for summary judgment. Petitioner shall submit no other documents unless directed to do so by the court.

4

E.     No later than 30 days after the filing of Petitioner's brief, Respondent shall file and serve a reply brief.  In the event that the Respondent elects not to file a reply brief, he should inform the court by filing a notice stating that he will not file a reply brief and that the motion is therefore fully submitted for decision.

F.     If the motion for summary judgment is denied, Respondent shall file an answer, a designation and a brief that complies with terms of this order. (*See* the following paragraph.)  The documents shall be filed no later than 30 days after the denial of the motion for summary judgment.  **Respondent is warned that the failure to file an answer, a designation and a brief in a timely fashion may result in the imposition of sanctions, including the release of the petitioner**.

6.     If Respondent elects to file an answer, the following procedures shall be followed by Respondent and Petitioner:

A.     By November 23, 2009, Respondent shall file <u>all</u> state court records which are relevant to the cognizable claims.  *See*, *e.g.*, Rule 5(c)-(d) of the *Rules Governing Section 2254 Cases in the United States District Courts*.  Those records shall be contained in a separate filing entitled: "Designation of State Court Records In Support of Answer."

B.     No later than 30 days after the filing of the relevant state court records, Respondent shall file an answer.  The answer shall be accompanied by a separate brief, submitted at the time of the filing of the answer.  Both the answer and brief shall address all matters germane to the case including, but not limited to, the

merits of Petitioner's allegations that have survived initial review, and whether any claim is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition. *See*, *e.g.*, Rules 5(b) and 9 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

C.      Copies of the answer, the designation, and Respondent's brief shall be served upon the petitioner at the time they are filed with the court *except* that Respondent is only required to provide the petitioner with a copy of the specific pages of the designated record which are cited in Respondent's brief. In the event that the designation of state court records is deemed insufficient by Petitioner, Petitioner may file a motion with the court requesting additional documents. Such motion shall set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D.      No later than 30 days following the filing of Respondent's brief, Petitioner shall file and serve a brief in response. Petitioner shall submit no other documents unless directed to do so by the court.

E.      No later than 30 days after the filing of Petitioner's brief, Respondent shall file and serve a reply brief. In the event that Respondent elects not to file a reply brief, he should inform the court by filing a notice stating that he will not file a reply brief and that the merits of the petition are therefore fully submitted for decision.

7.      No discovery shall be undertaken without leave of the court.  *See* Rule 6 of the *Rules Governing Section 2254 Cases in the United States District Courts*.


October 9, 2009.                          BY THE COURT:

                                          *Richard G. Kopf*
                                          United States District Judge

---

\*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.